JOHN DEN, EX DEM. WILLIAM CROWTHER ET AL., v. ACHSAH LLOYD ET AL.

Achsah Lloyd was in possession of premises in 1824. In 1829 she married William Lloyd. In 1846 ejectment was brought. In 1860 Lloyd died, and the suit was revived against his children ; *held*, that the defendants could set up the adverse possession of the mother, and that the same was not interrupted by the possession of the husband.

In ejectment for lands in Burlington county.

The verdict in this case was for the plaintiff, and a rule to show cause, &c., having been granted, the same was argued by—

*P. L. Voorhees,* for the plaintiff, and

*E. Merritt,* for the defendant.

The opinion of the court was delivered by

VREDENBURGH, J. The lessors of the plaintiff claim title, as heirs-at-law of William Crowther, deceased. William Crowther, deceased, by deed, dated August 1st, 1816, bought the property in dispute, under which he held possession until July 22d, 1818, when he died, leaving the lessors of the plaintiff, his children, and sole heirs-at-law.

Achsah Lloyd, the mother of the defendants, went into possession January 1st, 1824, and has remained in possession of them ever since. She was, in 1824, a widow. She married William Lloyd in 1829, and had by him several children, who are the present defendants.

This suit was commenced against William Lloyd, in July, 1846. Lloyd died in ———, 1862. The suit was revived against his children, the present defendants.

The defendants had a right to prove title out of the plaintiffs. They endeavored, at the trial, to do so, by proving a title by adverse possession in their mother. They proved that their mother was in possession in 1824, and its continuation in her up to 1846, when the suit was commenced, a period of over twenty years.

The court charged the jury that the possession of Mrs. Lloyd, before her marriage with Mr. Lloyd, was merged in that of her husband, and that her possession and his could not be tacked together to make one continued adverse possession.

This, I think, was error. The possession of the husband

was, in legal effect, the possession of the wife. His posses-sion did not interrupt hers. His rights were her rights, and when he died her possession had never been interrupted.

The question for the jury to say was, whether the posses-sion of Mrs. Lloyd had been adverse for more than twenty years before suit brought.

I think the verdict should be set aside, and a new trial granted.

Verdict set aside.